## Applegate, et al. v. Moore.

(Decided January 17, 1912.)

### Appeal from Daviess Circuit Court.

1. Evidence.—One who executes a note in favor of another has the burden of proving that the payee was not the beneficial owner of the note. A like burden rests upon the maker to establish the want of consideration in such a note.

2. Appeal and Error.—In equity cases where the evidence is conflicting some weight will be given by this court to the findings of the Chancellor.

SWEENEY, ELLIS & SWEENEY for appellants.

J. B. KARN and LITTLE & SLACK for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

This action was brought in the Daviess Circuit Court by James D. Moore against Mrs. M. R. Applegate and her husband, upon a note executed by the defendants in favor of Moore, of date October 1st, 1906, due in one year, for the sum of $597. This note was secured by a mortgage of the same date, executed by the makers of the note, in Moore's favor, upon an undivided interest in a piece of real estate in Owensboro. The action was in equity, seeking a foreclosure of the lien for the payment of the debt.

Mrs. Applegate filed answer, in which she denied that the plaintiff was the owner of the note. She then set up affirmatively that she had never borrowed any money from

James D. Moore; that one E. W. Moore, on the 7th day
of September, 1905, represented to her that on that day
he had paid off a bill to the New Farmers and Traders
Bank, of Owensboro, Kentucky, for $200, one in the
Owensboro Banking Company, for $100 and one in the
Eagle Bank for $100, upon all of which she was bound as
surety; that thereupon she signed a note of that date
to E. W. Moore, for $507, payable six months after date,
and executed a mortgage upon the above named real es-
tate to secure the same; that the above named note, upon
which the action was brought, was in reality a renewal of
same, and that the insertion of J. D. Moore as the payee
was in substance a fictitious arrangement; that the
Owensboro Banking Company $100 note had been paid on
August 2nd and was no longer a demand against her, of
which fact she was ignorant when she executed the $507
note; that E. W. Moore never paid the $200; that the
Eagle Bank debt was correct, and that in addition she had
borrowed $5 from E. W. Moore; that she did not owe the
balance of the note sued on to anybody, and that the ex-
cess above $105 "was charged for the use of money and
is usurious." Issue was joined upon these allegations
and some affirmative matter was plead by James D.
Moore setting out his theory of the transaction. Issue
was joined upon his affirmative allegations, proof taken
and the case submitted and a judgment rendered in favor
of plaintiff for $492, with interest thereon from October
1st, 1907, until paid. The issue, therefore, is one purely
of fact, as will be gathered from the above set out state-
ment of the case.

The judgment of the trial court decides the question
of the ownership of the debt in favor of James D. Moore,
but only awards him judgment for $492, some $15 less
than the face of the E. W. Moore note, of which Mrs.
Applegate claimed the James D. Moore note to be a re-
newal. Doubtless the trial court was not wholly satis-
fied as to James D. Moore's ownership of the debt, and,
therefore, scanned the whole transaction in an endeavor
to find out how much money Mrs. Applegate had actu-
ally received. There is much in the record that is per-
suasive to the belief that the debt in reality belonged to
E. W. Moore. His explanation of the manner in which
James D. Moore furnished him the money for the new
note is not as satisfactory as it might be; nor does he
deny the statement made by Mrs. Applegate that he told
her that he was taking the new note, in favor of James D.

Moore, a non-resident, to avoid taxation on it. Still he makes one explanation of it, and she another, leaving the mind in doubt. Then there is the additional circumstance of the note itself executed to James D. Moore. Giving the judgment of the chancellor some weight, we are not prepared to say that there was any error in finding that James D. Moore was the owner of the note.

Likewise, upon the true amount of the debt there is a good deal of conflict and doubt; but the evidence is sufficient to sustain the finding of the Chancellor that $492 was the true amount of the debt; and since it was not to bear interest until the maturity of the James D. Moore note, the chancellor properly decreed interest from the maturity. Mrs. Applegate admits a part of the debt. It seems that more or less money was furnished her to aid a profligate son who had gotten into difficulties. She had this small property and the credit doubtless was extended upon the faith of it. The $200 transaction, according to the testimony of Williams, who collected it, was in April, 1905; but the deposit slip of the bank, put in evidence by him, shows that the true date was September 11th, 1905, about the time of the transaction as contended for by the Moores. Mrs. Applegate says that for this $200 she had executed the note; but that as she did not have her glasses she had signed upon the wrong line, thus making her name appear first as principal instead of second as surety. Having executed the note in suit the burden was upon her to show affirmatively every defense against it set up by her. This she did not do satisfactorily and clearly. Upon the whole case it seems to us that the chancellor had sufficient evidence before him to justify the decree entered. It is, therefore, affirmed.